UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

FIA CARD SERVICES, N.A. (f.k.a.  )
MBNA AMERICA BANK, N.A.),        )
     Plaintiff/Appellant         )
                                 )     Bankruptcy Appeal
           v.                    )     C.A. No. 12-10116-MLW
                                 )
KIMBERLY ANNE CONANT,            )
     Defendant/Appellee          )

                       MEMORANDUM AND ORDER

WOLF, D.J.                                         August 16, 2012

I. INTRODUCTION

     Plaintiff/creditor FIA Card Services, N.A. ("FIA") appeals a bankruptcy court ruling awarding attorney fees and costs to defendant/debtor Kimberly Conant pursuant to 11 U.S.C. §523(d). See FIA Card Servs., N.A. v. Conant (In re Conant), 464 B.R. 511 (Bankr. D. Mass. 2012). In the underlying action, plaintiff contended that a portion of Conant's debt was nondischargable in bankruptcy pursuant to 11 U.S.C. §523(a)(2)(A) because it was fraudulently incurred credit card debt. On a motion for summary judgment, the bankruptcy court found in favor of Conant because the disputed debt was, in fact, related to a checking account and had been incurred by the defendant's former husband. The bankruptcy court awarded the defendant attorney fees and costs pursuant to §523(d), determining that the plaintiff was not substantially justified in bringing the action because it had not properly investigated its claims or performed due diligence, and also that

                                 1

there were no special circumstances that would render the award unjust.

For the reasons described in this Memorandum and Order, the bankruptcy judge did not abuse her discretion in awarding attorney fees and costs. Therefore, the decision of the bankruptcy court is being affirmed. In addition, the defendant's request for sanctions pursuant to Federal Rule of Appellate Procedure 38 is being denied without prejudice.

II. FACTS AND PROCEDURAL HISTORY

Debtor Kimberly Conant filed a voluntary Chapter 7 bankruptcy petition on October 18, 2010. She listed a debt to Bank of America, N.A. in the amount of $19,908.00 on her bankruptcy schedules. Plaintiff FIA Card Services, N.A. is owned by Bank of America.[1] As a subsidiary of Bank of America, FIA had access to Conant's Bank of America records and documents.

On November 10, 2010, FIA's counsel sent Conant a letter stating that she had "incurred $8,900.00 in cash advances and/or convenience check charges" on her account between June 4, 2010, and June 10, 2010, and that it was investigating whether these "charges" were nondischargeable debt under 11 U.S.C. §523(a). The letter stated:

---

[1] Plaintiff has filed a Motion to Strike Exhibit of Appellant (Docket No. 17), which relates to Bank of America. The court has not considered the document in this appeal and the motion is, therefore, moot.

> In lieu of Rule 2004 examination, please describe in writing all developments and/or events-which contributed directly to your client's decision to file the Chapter 7 Petition. For example, if your client became unemployed, or there was any other adverse change in your client's financial status, or the bankruptcy was caused by medical problems or any other change in marital status or support, please specify, advise of the date that your client first became aware of the problem, and provide any supporting documentation (such as any notice of a lay-off or employment termination or any pertinent medical records or bills).

FIA offered to resolve the matter either for a "[s]tipulation in the sum of $8,900.00" or a "[o]ne time cash settlement in the sum of $7,000."

Conant's attorney responded on November 22, 2010, disputing the allegations and noting that the account was an "overdraft line of credit that was attached to her primary checking account." The letter stated that "[c]ontrary to the allegations that cash advances or convenience checks were used by Ms. Conant, this line of credit was applied to overdrawn balances on Ms. Conant's checking account throughout her use of the checking account." Conant's attorney further requested:

> In order to review the merits of your client's demand, please provide us with the following within 10 days of this letter:
> 1. Copies of any signed convenience checks;
> 2. Evidence of any cash withdrawals, including receipts;
> 3. Account statements for the period in which any alleged withdrawals were made;
> 4. Any documents in which your client relied upon in making a demand for $8,900 on Ms. Conant.

Plaintiff received defendant's November 22, 2010 letter, but

did not respond to it. Plaintiff also did not conduct a Rule 2004 examination of Conant,[2] and plaintiff failed to attend the §341 meeting of creditors.[3]

On January 14, 2011, plaintiff filed a Complaint seeking a determination that the $8,900.00 was nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A). The Complaint asserted that: (1) Conant had a charge account with FIA; (2) she had incurred total charges and cash advances on the account totaling $20,743.99 by the time the bankruptcy petition was filed on October 18, 2010; (3) $8,900 of this debt was incurred between June 4, 2010, and June 10, 2010; and (4) Conant had incurred this debt fraudulently and with no intent to repay it. The Complaint, however, did not provide any meaningful additional factual detail. Attached to the Complaint was a statement for Conant's account, which showed $8,900.00 in transactions on the relevant dates with the descriptions "Overdraft Protection."

On February 17, 2011, Conant moved to dismiss the Complaint on

---

[2] Federal Rule of Bankruptcy Procedure 2004 permits a bankruptcy court to order the examination of "any entity" in a bankruptcy proceeding, including the debtor, upon a motion by any party in interest. The court may compel attendance and production of documents. See Fed. R. Bankr. P. 2004.

[3] Bankruptcy Code §341 provides that "[w]ithin a reasonable time after the order for relief in a case under this title, the United States trustee shall convene and preside at a meeting of creditors." 11 U.S.C. §341. Bankruptcy Code §343 requires a debtor to attend the meeting of creditors and to submit to examination under oath at that meeting. See 11 U.S.C. §343.

4

grounds that plaintiff had failed to state a cause of action, had failed to plead the fraudulent conduct with sufficient specificity, and had filed the Complaint as a "strike suit" intending to intimidate her into a "quick settlement."[4] Conant's attorney also sent plaintiff's counsel a demand letter pursuant to Federal Rule of Civil Procedure 11, stating that unless the plaintiff withdrew the Complaint, Conant would seek sanctions and legal expenses when the case was dismissed.[5]

Plaintiff's counsel responded to the letter on March 2, 2011, in essence asserting that the timing and amount of the disputed "charges" on Conant's account made it "reasonable to infer" that she had incurred the charges shortly before she filed for bankruptcy and thus had incurred the charges with no intention of repayment. The letter also suggested that discovery might reveal "a pattern of paying cards from cards and hence a kiting scheme."

Plaintiff opposed the Motion to Dismiss on March 31, 2011,

---

[4] A "strike suit" is a lawsuit that has "no legal merit but which a plaintiff hopes the defendant will settle by paying the plaintiff something less than what it would cost to defend the suit." Honey Dew Assocs., Inc. v. Monaco (In re Monaco), 347 B.R. 454, 457 n.3 (Bankr. D. Mass. 2006) (quoting Natasha, Inc. v. Evita Marine Charters, Inc., 763 F.2d 468, 471 (1st Cir. 1985)).

[5] Federal Rule of Civil Procedure 11 requires certification that all documents submitted to the court are "not being presented for any improper purpose," are "warranted by existing law or by a nonfrivolous argument for extending [the law,]" and that factual contentions or denials have evidentiary support or some reasonable basis supporting them. It also provides for sanctions for violations of the rule. See Fed. R. Civ. P. 11.

essentially reiterating the assertions contained in the March 2, 2011 letter and stating that "[t]he Complaint has a strong factual basis which establishes a compelling cause of action for credit card fraud under 11 U.S.C. §523(a)(2)(A) which must be determined on its merits, not on a preliminary motion." Plaintiff noted that "the strength of the facts and circumstances on which the claim is based shows that this is not a frivolous suit" and that "the response requires a much fuller recitation of facts and circumstances which indicate the Defendant's fraud[.]" One day later, on April 1, 2011, plaintiff filed a Request for Leave to Amend the Complaint.

Conant filed an Opposition to the Request for Leave to Amend, in which she referenced Federal Rule of Civil Procedure 9(b), which requires that fraud be pled with particularity. She noted that the plaintiff offered nothing but inferences to support its claim under 11 U.S.C. §523(a)(2)(A).

The bankruptcy court heard arguments on the Request for Leave to Amend and the Motion to Dismiss on April 11, 2011. The court denied the Motion to Dismiss and allowed the plaintiff leave to file an amended complaint.

On April 29, 2011, plaintiff filed the Amended Complaint. In it, plaintiff made assertions that were substantially the same as those made in its March 2, 2011 letter and its opposition to defendant's Motion to Dismiss. Those allegations were: that the

defendant had incurred the disputed $8,900 debt via "cash advance and/or convenience check charges" on a "charge account" with FIA between June 6, 2010, and June 10, 2010; that the charges, which represented approximately 40% of defendant's income, were incurred approximately 30 days before the defendant obtained her Certificate of Credit Counseling on July 9, 2010; and that shortly before these charges, defendant had paid $8,000 to her account on June 3, 2010, as well as an additional $4,000 in April. Plaintiff further asserted that because defendant had exhausted her allowable credit and made no attempt to repay the debt prior to filing for bankruptcy; and because defendant's scheduled debt consisted entirely of debts on "two credit cards" in the total amount of $37,645; that it was therefore reasonable to infer that defendant had incurred the $8,900 in charges in a "credit card kiting or concealed income" scheme by using "her credit cards to pay other credit cards" and to "exhaust the allowed credit limits on both cards before her intended bankruptcy filing."

Defendant answered the Amended Complaint three days later, again stating that the debt was related to an overdraft line of credit attached to a checking account, and denying the credit card and fraud related allegations. Defendant also asserted that the Amended Complaint was frivolous, lacked evidentiary support, and was filed for an improper purpose in violation of Federal Rule of

Civil Procedure 11 and Federal Rule of Bankruptcy Procedure 9011.[6]

The bankruptcy court issued a Pretrial Order on May 13, 2011, establishing August 11, 2011, as the deadline for completion of discovery and September 9, 2011, as the deadline for filing the Joint Pretrial Memorandum.

On May 23, 2011, the attorneys for the parties conferred. During these communications, Conant's attorney provided plaintiff's counsel with copies of checks relating to the disputed debt. The checks were signed by James Bradley, Conant's former husband, who had been a joint signatory on the Bank of America checking account even though the overdraft protection was in Conant's name. Conant did not authorize the checks and was unaware that her former husband had written them.[7]

On July 12, 2011, plaintiff's counsel offered to dismiss the Amended Complaint if defendant paid the $250 filing fee. Plaintiff's counsel subsequently offered to dismiss the proceedings with both parties bearing their own attorney fees and costs on July 17, 2012. These offers were not accepted.

Following the expiration of the discovery deadline, on

---

[6] Federal Rule of Bankruptcy Procedure 9011 mirrors Federal Rule of Civil Procedure 11. See supra, note 5.

[7] At the summary judgment hearing, counsel clarified that there was a line of credit attached to the Bank of America checking account as overdraft protection and that a charge card had been issued at one point, but that the line of credit was solely used to cover overdrawn checks.

September 9, 2011, Conant moved for summary judgment pursuant to Federal Rule of Bankruptcy Procedure 7056 and sought attorney fees and costs pursuant to 11 U.S.C. §523(d). At a hearing on November 22, 2011, the bankruptcy court determined that the defendant was entitled to summary judgment because the plaintiff had not established the elements of its claim under §523(a)(2)(a). The court found that there was no evidence of fraud by Conant, and that the evidence was clear that Conant's husband had written the checks that gave rise to the liability.

The court also awarded attorney fees and costs to Conant pursuant to §523(d), which provides that a debtor shall be granted costs and reasonable attorney fees if the court finds that a creditor's action under §523(a)(2) was not substantially justified and that there are no special circumstances that would make the award unjust. The court found that the plaintiff was not substantially justified in bringing the complaint because the plaintiff's allegations were conclusory and based on general suspicions, and because the plaintiff had failed to conduct any reasonable inquiry or due diligence into the claim even after receiving the defendant's November 22, 2011 letter disputing the allegations, and after being given leave to file the Amended Complaint. The court also determined that there were no special circumstances that would make the award of attorney fees unjust.

On January 23, 2012, the bankruptcy court awarded $9,629.73 in

9

fees and costs. See In re Conant, 464 B.R. at 519. In this decision, the court further noted that the "Amended Complaint did not substantially comply with Fed. R. Civ. P. 9(b) [and] Fed. R. Bankr. P. 7009, and [that it] had the hallmarks of a 'strike suit' intended to coerce a settlement." Id. at 513.

III. STANDARD OF REVIEW

On appeal from a final determination of the Bankruptcy Court, legal conclusions are reviewed de novo while findings of fact are reviewed under a clearly erroneous standard. See LaRoche v. Amoskeag Bank (In re LaRoche), 969 F.2d 1299, 1301 (1st Cir. 1992); In re Gonic Realty Trust, 909 F.2d 624, 626 (1st Cir. 1990). Decisions on attorney fees pursuant to 11 U.S.C. §523(d), however, are reviewed for abuse of discretion. See Bridgewater Credit Union v. McCarthy (In re McCarthy), 243 B.R. 203, 207 (B.A.P. 1st Cir. 2000); see also Coutin v. Young & Rubicam Puerto Rico, Inc., 124 F.3d 331, 336 (1st Cir. 1997) (fee awards reviewed under deferential abuse of discretion standard); First Card v. Hunt (In re Hunt), 238 F.3d 1098, 1101 (9th Cir. 2001) (fee awards under §523(d) reviewed for abuse of discretion).[8] "An abuse of discretion occurs 'when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper

---

[8] Plaintiff contends that the proper standard of review is de novo. As noted in the text, however, the First Circuit Bankruptcy Appellate Panel reviews awards of attorney fees under §523 for abuse of discretion, which is the same standard that the First Circuit uses to review awards of attorney fees.

10

and no improper factors are assessed, but the court makes a serious mistake in weighing them.'" Coutin, 124 F.3d at 336 (quoting Foster v. Mydas Assocs., Inc., 943 F.2d 139, 143 (1st Cir. 1991)).

IV. ANALYSIS

Plaintiff appeals the award of attorney fees pursuant to §523(d). In essence, plaintiff contends that the bankruptcy judge erred by: (a) concluding that there was no substantial justification for bringing the adversarial proceedings, and, in so doing, erroneously applying "hindsight logic" in making this determination; and (b) finding that there were no special circumstances which would render the award of fees unjust.

A. Substantial Justification

Section 523(d) of Title 11 provides:

> If a creditor requests a determination of dischargeability of a consumer debt under [§523(a)(2)], and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

This provision "was enacted to discourage creditors from filing §523(a)(2) complaints without first carefully reviewing the legal and factual bases for their fraud-based nondischargeability claims." In re McCarthy, 243 B.R. at 208; see also AT&T Universal Card Servs. Corp. v. Williams (In re Williams), 224 B.R. 523, 529-30 (B.A.P. 2d Cir. 1998); AT&T Universal Card Servs. Corp. v.

11

Duplante (In re Duplante), 215 B.R. 444, 449 (B.A.P. 9th Cir. 1997). The award of fees is mandatory if the court finds that the creditor's action was not substantially justified, unless special circumstances would make the award unjust. See In re McCarthy, 243 B.R. at 208; Mercantile Bank v. Williamson (In re Williamson), 181 B.R. 403, 408 (Bankr. W.D. Mo. 1995). The burden is on the creditor who commenced the nondischargability action to show that the complaint was substantially justified. See In re Hunt, 238 F.3d at 1103; McDermott v. FIA Card Servs., N.A. (In re McDermott), No. 10-4085, 2010 WL 4638867, at 4 (Bankr. D. Mass. Nov. 8, 2010).

"The contours of 'substantial justification' are inexact" and case specific. In re McCarthy, 243 B.R. at 208. The First Circuit Bankruptcy Appellate Panel applies a "totality of the circumstances" test, which may include but is not limited to consideration of whether there was: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) reasonable support in the facts alleged for the legal theory advanced. See id. (citing In re Williams, 224 B.R. at 531, and Brinker v. Guiffrida, 798 F.2d 661, 664 (3d Cir. 1986)); see also In re Duplante, 215 B.R. at 449-50 (discussing totality of circumstances test employed by Ninth Circuit Bankruptcy Appellate Panel). At a minimum, a "plaintiff must show that it reviewed its legal position before filing suit to determine if it [was] substantially justified." In re McCarthy, 243 B.R. at 209; see also

In re Williams, 224 B.R. at 530. A trial court must also "assess the creditor's justification for litigation not only at the complaint's filing, but throughout the litigation until judgment is entered." In re McCarthy, 243 B.R. at 210; see also In re Williams, 224 B.R. at 530.

In the instant case, the bankruptcy judge did not abuse her discretion in determining that there was no substantial justification in bringing the adversarial proceedings. Although not dispositive, failures to fully investigate a claim, to conduct a Rule 2004 examination, or to attend the §341 meeting of creditors are significant factors in determining whether a creditor had substantial justification to file a §523(a)(2) complaint. See In re McCarthy, 243 B.R. at 209 n.6; see also Congressional Federal Credit Union v. Pusateri (In re Pusateri), 432 B.R. 181, 201 (Bankr. W.D.N.C. 2010); First Deposit Nat'l Bank v. Stahl (In re Stahl), 222 B.R. 497, 505 (Bankr. W.D.N.C. 1998); Peoples Bank v. Poirier (In re Poirier), 214 B.R. 53, 56-57 (Bankr. D. Conn. 1997); AT&T Universal Card Servs. Corp. v. Grayson (In re Grayson), 199 B.R. 397, 402-03 (Bankr. W.D. Mo. 1996); In re Williamson, 181 B.R. at 408-09. Here, the plaintiff failed to conduct a Rule 2004 examination or to attend the §341 meeting of creditors, either of which would have given the plaintiff the opportunity to examine Conant about the disputed debt. Plaintiff also failed to investigate its own records to determine if its inferences

regarding Conant's alleged fraud and "credit card" scheme were, in fact, accurate, even after being repeatedly notified that the disputed debt was related to overdraft protection on a checking account. The bankruptcy judge, therefore, properly determined that the plaintiff had performed virtually no due diligence or investigation in both bringing and pursuing its claims. In arriving at this conclusion, she did not ignore "a material factor deserving significant weight," rely on an improper factor, or "make[] a serious mistake in weighing" the relevant evidence. Coutin, 124 F.3d at 336; In re McCarthy, 243 B.R. at 208-10. Given the totality of the circumstances, there was, thus, no abuse of discretion in determining that the plaintiff was not substantially justified in maintaining the action. See id.

    B. Special Circumstances

"The contours of the 'special circumstances' that might enable a creditor to escape a fee award when its action was not substantially justified" are not well defined. In re McCarthy, 243 B.R. at 210; see also In re Hunt, 238 F.3d at 1104. A determination that "special circumstances" exist, however, is a form of equitable relief granted in the context of the totality of the circumstances review. See In re McCarthy, 243 B.R. at 210; In re Hunt, 238 F.3d at 1104-05.

In the instant case, plaintiff contends that the bankruptcy judge abused her discretion in determining that there were no

14

special circumstances that would render an award of attorney fees unjust. Plaintiff, in essence, contends that special circumstances exist because Conant did not provide FIA with a clear statement of her intended defense or evidence that her husband had written the checks relating to the disputed debt until May 23, 2011.

As noted by the bankruptcy judge in her January 23, 2012 ruling, if Conant's counsel had "conveyed specific information about the Defendant's defenses to the Complaint to the Plaintiff prior to May 23, 2011, the litigation costs could, in fact, have been mitigated." In re Conant, 464 B.R. at 518-19.[9] However, as the judge stated from the bench at the November 22, 2011 hearing, there was no argument or evidence presented to the court showing that special circumstances existed that would make an award of attorney fees unjust. The judge, therefore, did not ignore a material factor or made a mistake in weighing the relevant evidence. See Coutin, 124 F.3d at 336. Given the facts before the judge, there was no abuse of discretion finding that special circumstances did not exist and declining to exercise the court's equitable power. In re McCarthy, 243 B.R. at 210.

In essence, there was no abuse of discretion in the bankruptcy court's awarding of fees and costs under §523(d) because the judge properly determined that the position of the creditor was not

---

[9] In his filings before this court, Conant's counsel asserts that he only obtained copies of the checks from Bank of America after the filing of the amended complaint on April 29, 2011.

substantially justified, and that there were no special circumstances that would otherwise make the award unjust. The award of fees and costs pursuant to §523(d) is therefore AFFIRMED.

V. FRIVOLOUS APPEAL

In appellee's brief, defendant contends that she should be awarded sanctions pursuant to Federal Rule of Federal Procedure 38 because plaintiff's appeal is frivolous.

As set forth by the First Circuit, Rule 38 provides:

> that if an appellate court "determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38. An appeal is frivolous if the result is obvious or the arguments are "wholly without merit." <u>Westcott Constr. Corp. v. Firemen's Fund of N.J.</u>, 996 F.2d 14, 17 (1st Cir. 1993) (internal quotations omitted). "[I]t is enough that the appellants and their attorney should have been aware that the appeal had no chance of success." <u>E.H. Ashley & Co., Inc. v. Wells Fargo Alarm Servs.</u>, 907 F.2d 1274, 1280 (1st Cir. 1990) (emphasis omitted).

<u>Cronin v. Town of Amesbury</u>, 81 F.3d 257, 261 (1st Cir. 1996); <u>see also</u> <u>Pimentel v. Jacobsen Fishing Co.</u>, 102 F.3d 638, 640-41 (1st Cir. 1996). Defendant has not filed a separate motion as required by Rule 38. Defendant's request is, therefore, being denied without prejudice. <u>See</u> <u>Donato v. McCarthy</u>, 28 Fed. Appx. 8, 8 (1st Cir. 2002); <u>In re I Don't Trust</u>, 143 F.3d 1, 4 (1st Cir. 1998).

VI. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. The decision of the Bankruptcy Court is AFFIRMED.

2. Defendant's request for sanctions pursuant to Federal Rule of Appellate Procedure 38 is DENIED without prejudice.

3. Appellee's Motion to Strike Exhibit of Appellant (Docket No. 17) is MOOT.

4. The hearing scheduled for August 28, 2012, is unnecessary and is, therefore, CANCELLED.

                                              /s/ Mark L. Wolf
                                     UNITED STATES DISTRICT JUDGE